## CIRCUIT COURT OF HENRICO COUNTY

Elizabeth B. Wright

    v.

Gary W. Wright

May 27, 1988

Case No. 88C406

By JUDGE JAMES E. KULP

This case is before the Court on a Petition for Separate Maintenance. The plaintiff is asking the Court to affirm an Agreement entered into by the parties on November 17, 1987. The defendant asserts as an affirmative defense that the Agreement was secured by duress and undue influence by the plaintiff.

The Court heard evidence and admitted exhibits on behalf of the parties on May 2 and 27, 1988. Having maturely considered the matter, the Court renders this opinion.

The parties were married on October 4, 1978, this being the second marriage for both parties. The plaintiff had a son by her prior marriage who lived with the parties. The defendant's two daughters by his prior marriage have been adopted by his parents. During the marriage, the parties separated on several occasions, the last being on October 16, 1987. The defendant testified that he was unhappy and had basically fallen out of love with the plaintiff. These feelings led defendant to break off the marital relationship.

During the marriage, the defendant allowed the plaintiff to handle the family funds since she was a better

manager of the money. The plaintiff kept a running account of the income and debts of the parties. When the parties separated in October, 1987, the plaintiff's annual income was $17,713.00, and the defendant's income was approximately $40,000.00.

After the separation, the parties, without any assistance, came up with an Agreement. (Defendant's Exhibit A). This Agreement was then taken to Mr. Axselle to put into proper legal form. (Plaintiff's Exhibit 1). It is this Agreement which is the subject of this suit. The parties have complied with all terms of the Agreement from November, 1987, to February 5, 1988, at which time defendant stopped paying the spousal support set forth in the Agreement.

The defendant claims that he was manipulated by the plaintiff into signing the Agreement. He testified that while he understood the terms of the Agreement when he signed it, he now has concluded it is unfair. The defendant presented not only his testimony but that of Dr. William Frederick Young, a psychiatrist, and his mother. Dr. Young was of the opinion that the defendant was not fully aware of what he was doing when he signed the Agreement and was subject to the control of the plaintiff. Defendant's mother also felt as though defendant was under the plaintiff's control.

The evidence establishes that neither party had had any legal training, although the plaintiff had once worked for an attorney. The Court finds that both parties were of equal capabilities, and while both parties had every opportunity to seek legal advice, neither sought to do so. The Court finds that the defendant was aware of the benefits of having legal counsel since he had sought such assistance during his first marriage but chose to forego such assistance concerning this Agreement.

Ordinarily parties to a written contract are bound by the contents of the contract which they have had an opportunity to read. Further, the mere absence of experience or skill upon the subject of the particular contract affords no ground for relief at law or in equity. Additionally, one pleading duress or undue influence has the burden of proving it by clear and convincing evidence.

The Court finds that defendant has failed to carry his burden, and the Court finds no duress or undue influence

by plaintiff in procuring the agreement. The defendant's testimony in this regard is incredible. He claimed that he wanted to get out of the marriage and away from the plaintiff because she was manipulating him. Yet when he was away from her, he says that he listened to her and just did as she said. The Court finds this testimony to be contradictory and unbelievable. Further, the defendant's mother testified that after the separation and before the signing of the Agreement, defendant was like a new person.

In *Cooley v. Cooley*, 220 Va. 749 (1980), the Supreme Court observed, "marital property settlements entered into by competent parties upon valid consideration for lawful purposes are favored in the law and such will be enforced unless their illegality is clear and certain." 220 Va. at 752. The Court of Appeals more recently has held that property settlement agreements are contracts and subject to the same rules of formation, validity, and interpretation as other contracts. *Smith v. Smith*, 3 Va. App. 510 (1986). Here there is no claim that there was a failure of full disclosure, indeed the evidence would not permit any such a claim. The terms of the Agreement which was the basis of the final Agreement contained a detailed listing of the parties' debts and income. *See* Defendant's A.

Relying upon *Switzer v. Switzer*, 67 Va. (26 Gratt.) 574 (1875), the defendant asserts that the Agreement is so one-sided as to be unconscionable and unenforceable. The court finds *Switzer* to be inapplicable. There is no showing that defendant's freedom of will was so overcome that he lacked the ability to enter into this Agreement. Notwithstanding Dr. Young's opinion, the evidence established that defendant was clearly capable of making rational and intricate decisions during the time period this Agreement was formulated. Defendant went out and purchased a new vehicle and arranged for financing, as well as being chairman of a weekly dinner group at his Church.

The plaintiff has offered a rational explanation for each item contained in the Agreement. The defendant has likewise agreed to the explanation for most of the items. What we have here is a situation where defendant having agreed to the terms of the Agreement, no longer wants to comply. It is not for the Court to remake agree-

ments, and even if it appears that one party did not exercise the best of judgment, that is not grounds for finding the agreement invalid.

Since the separation of the parties in October, 1987, the defendant has been free from the plaintiff and has complied with the terms of the agreement until February, 1988. The defendant has even advised one of the parties' creditors that he was no longer liable for the joint debt as he had an Agreement placing that responsibility upon the plaintiff. It was not until the plaintiff filed this suit in March, 1988, that defendant claimed any duress. One claiming duress has a duty to proceed promptly upon the removal of the duress to repudiate the contract. *Gloth v. Gloth*, 154 Va. 511 (1930). Defendant has failed in this duty.

For the reasons stated, the Court finds the Separation Agreement to be valid and enforceable. The court will enter judgment for the plaintiff as to her entitlement to receive spousal support of $350.00 bi-weekly as provided in the Agreement. The Court will further enter judgment for the plaintiff for the spousal support which has been unpaid since February 5, 1988.